Filed 5/28/26  P. v. Ramirez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084734 |
| v. | (Super.Ct.No. FSB23002779) |
| JESUS MICHAEL RAMIREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Dan E. Chambers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Jesus Michael Ramirez was convicted of being a felon in possession of a firearm and was placed on two years formal probation. One of the conditions of his probation was that he was to submit to, at any time, the search and seizure of electronic devices that he was the actual possessor of.

Defendant claims the electronic-device-search probation condition (sometimes, the probation condition) is unreasonable and should be stricken because it is unrelated to either the facts of his conviction or his risk of future criminality. He further claims the probation condition is unconstitutionally overbroad, as applied, as it imposes limits on his privacy rights. He additionally argues that defense counsel's failure to object to the probation condition in the trial court resulted in him receiving ineffective assistance of counsel (IAC). He finally contends that his presentence custody credits were incorrectly calculated and must be corrected. We affirm the judgment but remand for the limited purpose of recalculating defendant's presentence custody credits.

## FACTUAL AND PROCEDURAL HISTORY

### A. PROCEDURAL HISTORY

Defendant was convicted by a San Bernardino County jury of possession of a firearm by a prohibited person (Pen. Code, § 29800, subd. (a)(1)).[1] On August 16, 2024, the trial court imposed supervised formal probation for a period of two years. One of the terms was "Submit to search and seizure (electronic device) by a government entity of any electronic device that you are an authorized possessor of pursuant to PC 1546.1

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

(c)(10)." Defendant was to serve 365 days in county jail. He was awarded actual custody credit of 85 days and 85 days of conduct credit pursuant to section 4019 for a total of 170 days. Defendant filed his notice of appeal on September 30, 2024.

B.     FACTUAL HISTORY

On August 17, 2023, at approximately 12:24 a.m., San Bernardino Police Officer Jordan Scoubart was working patrol in the San Bernardino area. He was in a marked patrol vehicle and wearing a police uniform. He went to the area of North Pico Avenue and West 6th Street to respond to a call regarding a fight and shots being fired. It was reported that after the shots were heard, a dark red truck was seen in the area. As he arrived at the location, he observed a dark red truck traveling without its lights on, even though it was dark outside. Scoubart determined that the red truck may be related to the shots-fired call. He followed the truck.

The truck turned onto nearby Victoria Street and parked. Officer Scoubart activated his patrol vehicle's overhead lights to conduct a traffic stop. Scoubart radioed his location to other officers.

Defendant exited the driver's side of the truck. There was no one else in the truck. Officer Scoubart pointed his weapon at defendant and ordered him to get down on the ground. Defendant ignored his command and went to a house across the street. Defendant's mother came out of the front gate of the house. Defendant and his mother walked inside the front gate and locked it behind them. Scoubart, and other officers who arrived, tried to talk to defendant to get him to surrender peacefully.

Defendant held a knife in his hand and waved it in the air. Defendant's mother slapped the knife out of defendant's hand. The officers were able to get through the front gate and put defendant into handcuffs. Defendant was placed into one of the patrol vehicles.

San Bernardino Police Officer Garrett Horine arrived at the Victoria Street location on August 17, 2023, at 12:25 a.m., after Officer Scoubart called out his location. When Horine arrived, he observed a red truck parked on the street. Officer Scoubart was speaking with defendant. Horine walked to the red truck. He observed a rifle case inside of a golf bag on the floorboard of the backseat. He also observed what appeared to be two rifles on the floorboard. There were two expended red shotgun shells on the driver's seat. The two rifles turned out to be BB guns. A double-barreled shotgun was found inside the rifle case.

Officer Horine opened the shotgun to take out the remaining shells. It smelled like gunpowder, which was indicative of it being recently fired. The shotgun appeared to be in working order. Defendant was detained.

Officer Scoubart spoke with defendant in the patrol vehicle; the conversation was recorded on Scoubart's body-worn camera. The recording was played for the jury. Defendant said he walked away from the truck because he "wanted to be in the house, safe man." Defendant admitted he saw the lights on the patrol vehicle and knew that Officer Scoubart was a police officer. Defendant could see his mother inside the house. He asked for the shotgun found in his truck back because it was a gift from his grandfather. He did not say who owned the gun but claimed it had sentimental value. He

4

made no comment when asked if he had just shot the gun at someone or something. He refused to talk about shooting the shotgun. He admitted to shooting a pellet and BB gun. The parties stipulated that on August 17, 2023, defendant was prohibited from possessing firearms.

Defendant presented no evidence.

## DISCUSSION

### A. ELECTRONIC-DEVICE-SEARCH PROBATION CONDITION

Defendant contends the trial court erred by allowing the search of any electronic devices of which he was an authorized possessor as a condition of probation  First, he claims the electronic-device-search probation condition was unreasonable as it had no relationship to the crime for which he was convicted, it relates to conduct that is not itself criminal and was not reasonably related to his future criminality, known as the *Lent* factors[2]. Second, he claims the probation condition was unconstitutionally overbroad as applied because it substantially burdens his constitutionally protected expectation of privacy in the contents of his electronic devices. Defendant claims he received IAC due to defense counsel failing to object to the probation condition. In response, the People contend defendant has forfeited the claim on appeal that the probation condition was unreasonable and unconstitutional as applied to him, and that defendant has not shown IAC.

---

[2] *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*), superseded by statute on other grounds as recognized in *People v. Moran* (2016) 1 Cal.5th 398, 403, fn. 6.)

5

### 1. *PROBATION CONDITIONS*

Trial courts have "broad discretion to determine whether to grant an eligible defendant probation, and if so, what terms of probation will promote rehabilitation and protect public safety." (*People v. Hall* (2017) 2 Cal.5th 494, 498.) " 'Generally, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality....' [Citation.]" [Citation.] This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality.' " (*People v. Moran*, *supra*, 1 Cal.5th at p. 403.)

A juvenile court may not adopt probation conditions that are constitutionally vague or overbroad. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889-891 (*Sheena K.*).) "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Id.* at p. 890; see also *In re Malik J.* (2015) 240 Cal.App.4th 896, 902.) " 'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that

6

perfection in such matters is impossible, and that practical necessity will justify some infringement.' " (*People v. Salvador* (2022) 83 Cal.App.5th 57, 62-63.)

2. *FORFEITURE*

The People contend defendant has forfeited his claim that the probation condition was unreasonable or unconstitutional as applied because defense counsel failed to object to the probation condition in the trial court. Defendant concedes that his challenge to the probation condition is based on it being unreasonable under the *Lent* factors and as being unconstitutionally overbroad as applied, both of which required defense counsel to object in order to preserve the issue for appeal. He contends that this court should find he received IAC for defense counsel failing to object to the unreasonable and unconstitutionally overbroad probation condition.

During sentencing, the trial court asked defendant to review all of the probation conditions with his attorney. Defendant agreed to accept the terms of probation; there was no objection to any of the terms of probation.

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal." (*Sheena K.*, *supra*, 40 Cal.4th at p. 880.) "The failure to object that a probation condition is unreasonable under *Lent* … generally forfeits the contention on appeal." (*In re P.O.* (2016) 246 Cal.App.4th 288, 294.) "An as-applied constitutional challenge is forfeited unless previously raised. [Citation.] ' "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." ' " (*People v. Patton* (2019) 41 Cal.App.5th 934, 946 (*Patton*); see also *People v. Guzman*

7

(2018) 23 Cal.App.5th 53, 63, fn. 3 ["[The defendant] forfeited this part of his overbreadth claim [as applied challenge], which does not present a pure question of law, but depends instead on factual circumstances that were not addressed by the trial court because [the defendant] did not make an overbreadth challenge to this probation condition in the lower court"].)

"However, the forfeiture rule does not extend to facial constitutional challenges presenting pure questions of law that can be resolved without referring to the particular sentencing record developed below. [Citation.] A facial challenge 'does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts.' [Citation.] The claim is that a condition cannot have any valid application, without relying on any facts in the sentencing record." (*Patton*, *supra*, 41 Cal.App.5th at p. 946; see also *Sheena K.*, *supra*, 40 Cal.4th at p. 885.)

Here, the imposed condition applied to searches of electronic devices for which defendant was an authorized possessor pursuant to section 1546.1, subdivision (c)(10).[3] Defendant did not object on any ground to the probation condition at the time it was imposed. Clearly, the claim that it was unreasonable under *Lent* was waived by the failure to object. Further, defendant argues that "[i]n this case" the probation condition is unconstitutionally overbroad and states that his challenge to the probation condition as

---

[3] Penal code section 1546.1, subdivision (c) provides: "A government entity may access electronic device information by means of physical interaction or electronic communication with the device only as follows: [¶] … [¶] (10) Except where prohibited by state or federal law, if the device is seized from an authorized possessor of the device who is subject to an electronic device search as a clear and unambiguous condition of probation, mandatory supervision, or pretrial release."

being unconstitutionally overbroad "is an as-applied challenge" to the probation condition. Defendant did not argue in the opening brief that he is making a facial constitutional challenge to the probation condition as a pure question of law. Defendant has forfeited his challenge to the probation condition.

### 3. *INEFFECTIVE ASSISTANCE OF COUNSEL*

In order to avoid forfeiture of the claim, defendant contends that he received IAC based on his counsel's failure to object to the probation condition in the trial court.

To prevail on an IAC claim, defendant must prove: (1) trial counsel's performance was deficient, and (2) counsel's deficient performance prejudiced him. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) "When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) To establish a claim that trial counsel's performance was deficient, defendant must demonstrate that "(1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*Id.* at p. 1009.) " 'In the usual case, where counsel's . . . strategic reasons for challenged decisions do not appear on the record, we will not find [IAC] on appeal unless there could be no conceivable reason for counsel's acts or omissions.' " (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1051.)

9

Here, the prosecutor was seeking to have the trial court impose a prison term and specifically argued that defendant was not suitable for probation based on his not just possessing the firearm, but also that he shot the firearm, he was a drug abuser, and he had a criminal history. Defense counsel reasonably could have concluded that objecting to the terms of probation could jeopardize the probation decision by the trial court. (See *People v. Lopez* (2008) 42 Cal.4th 960, 972 [" '[D]eciding whether to object is inherently tactical, and the failure to object will rarely establish ineffective assistance' "].) Defendant's counsel could reasonably have concluded that a prison term would have been less favorable to defendant than agreeing to the terms of probation, including the electronic-device-search probation condition. (*People v. Olguin* (2008) 45 Cal.4th 375, 384 ["[P]robation is a privilege and not a right," and "adult probationers, in preference to incarceration, validly may consent to limitations upon their constitutional rights—as, for example, when they agree to warrantless search conditions"].)

Since we can conceive of a tactical purpose for defendant's counsel choosing not to object to the electronic-device-search probation condition, defendant has failed to establish IAC.[4] Defendant has forfeited his claim on appeal that the probation condition was unreasonable or unconstitutional as applied to him.

---

[4] This issue will likely be moot by the time this appeal is final. Defendant was placed on two years probation on August 16, 2024. His term will expire on August 16, 2026. On August 16, 2026, defendant will no longer be subject to the probation condition, making his challenge moot. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120, fn. 5.)

### 4. *ISSUE FIRST RAISED IN REPLY BRIEF*

For the first time in the reply brief, defendant claims the electronic-device-search probation condition is unconstitutionally overbroad on its face and therefore should be addressed by this court despite trial counsel's failure to object to the probation condition. However, defendant specifically stated in the opening brief that his "challenge to the electronic devices search condition as being unconstitutionally overbroad is an as-applied challenge to the condition."

" '[P]oints raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before.' " (*People v. Smithey* (1999) 20 Cal.4th 936, 1017, fn. 26.) Defendant provides no "good reason" for the change in the reply brief to raise a facial challenge to the probation condition when he identified his claim in the opening brief as an as-applied challenge. As such the contention is forfeited. (See *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1059-1060.)

Even if we were to review the facial constitutional challenge to the probation condition, defendant would not prevail. The Supreme Court has concluded that electronic-device-search probation conditions are not categorically invalid. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1128 ["Our holding does not categorically invalidate electronics search conditions"]; see also *Patton*, *supra*, 41 Cal.App.5th at pp. 946-947 [reasoning that because electronics search conditions may be constitutionally imposed under some circumstances, they are not facially invalid].) Although application of this probation condition could be unconstitutionally overbroad as applied to certain

11

defendants, in other circumstances it may be entirely appropriate and constitutional. As such, defendant's facial challenge fails.

### B. PRE-SENTENCE CUSTODY CREDITS

Defendant contends his custody credits should be modified to reflect that he was entitled to a total of 180 days, not the 170 days he was awarded by the trial court. The People concede that the custody and conduct credits may have been improperly calculated.

Defendant was arrested on August 17, 2023. A minute order from November 14, 2023, noted that he was still in custody. A minute order for December 5, 2023, reflected that he had posted bond. The probation report states that his release date was November 9, 2023, which resulted in the calculation of 85 days. Defendant was to surrender to the county jail on August 22, 2025.

Defendant insists that this court can correct the credits as the record supports that he was arrested on August 17, 2023, and released on bond on November 14, 2023. "Prisoners confined to jail prior to sentencing for a felony conviction are among those entitled to Penal Code section 4019 credits." (*People v. Duesler* (1988) 203 Cal.App.3d 273, 275.) The People do not dispute that the custody credits may have been incorrectly calculated, but that the record is not clear as to the date of defendant's release on bond. The People recommend a return to the trial court for it to recalculate the custody and conduct credits.

Based on the People's concession, we will order limited remand to the trial court to calculate presentence custody credits.

12

## DISPOSITION

The judgment is affirmed.  This matter is remanded for the limited purpose of recalculating custody credits.  The trial court shall verify defendant's total custody credits, update defendant's custody credits, and issue amended abstracts of judgment to the appropriate authorities.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

FIELDS
J.

13